AUSA: Ariana L. Bloom

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**26 MAG 906**

UNITED STATES OF AMERICA

v.

MOISES FREIRE,

Defendant.

**COMPLAINT**

Violations of
21 U.S.C. §§ 812, 841 and 2.

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

KYLE HARRELL, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA"), and charges as follows:

## COUNT ONE
**(Distribution of Narcotics Resulting in Serious Bodily Injury)**

1.      On or about March 18, 2026, in the Southern District of New York and elsewhere, MOISES FREIRE, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and aided and abetted the same.

2.      The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

3.      The use of such controlled substances resulted in serious bodily injury to Victim-1 and Victim-2, in New York, New York.

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C);
Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4.      I am a Special Agent with the DEA and have been personally involved in the investigation of this matter.  The affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.      Based on my participation in this investigation, my conversations with other law enforcement officers, my review of law enforcement documents and records, medical records, and

interviews by members of law enforcement with medical professionals, and my review of body-worn camera video and surveillance video collected from a particular undergraduate college residence hall in New York, New York (the "Residence Hall"), I have learned, among other things, the following:

a.    On or about March 18, 2026, at approximately 1:50 a.m., MOISES FREIRE, the defendant, entered through the front doors of the Residence Hall, was met by a woman ("Victim-1") in the lobby, provided his identification card to security guards working at the Residence Hall, and was admitted into the Residence Hall as a guest of Victim-1.  FREIRE and Victim-1 then entered the elevator in the Residence Hall.

b.    At approximately 3:10 a.m.—that is, approximately 80 minutes later—FREIRE returned to the Residence Hall's first floor alone and approached security guards working in the lobby of the Residence Hall.  FREIRE reported to security guards, in substance and in part, that he was a guest in the Residence Hall and had been with two women who had been drinking alcohol and who had since become unresponsive.

c.    FREIRE then led security guards to a particular room on the sixth floor of the Residence Hall ("Room-1"), where Victim-1 was lying unresponsive in a bed and another woman ("Victim-2") was lying unresponsive on the floor.  Residence Hall security guards administered Narcan at least to Victim-1 and called 911.[1]  Victim-1 and Victim-2 were later identified as university students and the occupants of Room-1.

d.    When members of emergency medical services arrived at Room-1, Victim-1 was still lying unresponsive in a bed, and Victim-2 was still lying unresponsive on the floor.  Victims-1 and -2 were examined by members of emergency medical services, who began attempting to provide lifesaving courses of treatment to Victims-1 and -2 in Room-1.

e.    FREIRE told members of emergency medical services, in substance and in part, that he had been drinking alcohol with Victims-1 and -2, and that Victims-1 and -2 had also used cocaine.

f.    Victim-1 was then transported via ambulance to a particular hospital ("Hospital-1"), and Victim-2 was transported via ambulance to a second particular hospital ("Hospital-2").

g.    Toxicology screenings were performed on urine samples taken from Victim-1 at Hospital-1 and Victim-2 at Hospital-2.  Each of the toxicology reports for Victims-1 and -2 indicated the presence of fentanyl.  The toxicology reports for Victims-1 or -2 indicated neither the presence of any other opioid, nor the presence of cocaine.

h.    Victim-1 received continued emergency medical treatment at Hospital-1 and has not regained consciousness.  Victim-1 appears to be in a comatose state, and medical professionals at Hospital-1 have been unable to detect neural activity.  Victim-1 has not been

---

[1] Narcan, or naloxone, is an opioid antagonist used to counteract the deadly effects of drugs like fentanyl.

discharged from Hospital-1.  Treating physicians at Hospital-1 believe that Victim-1 is likely to die as a result of the above-described fentanyl use.

        i.       Victim-2 received continued emergency medical treatment at Hospital-2 and has regained consciousness.  Victim-2 received additional medical supervision and treatment at Hospital-2 in anticipation of being discharged.

      6.      Based on my participation in this investigation, my conversations with other law enforcement officers, and my review of law enforcement documents and records, including video captured at the 10th precinct of the New York City Police Department (the "NYPD"), I have learned, among other things, the following:

      a.      On or about the afternoon of March 18, 2026, MOISES FREIRE, the defendant, was taken to the 10th precinct of the NYPD, advised of his *Miranda* rights, and subsequently agreed to speak with law enforcement officers.

      b.      FREIRE then told law enforcement officers, in substance and in part, that (i) he gave Victims-1 and -2 the substance they ingested on or about March 18, 2026; (ii) that FREIRE understood the substance to be cocaine; (iii) that FREIRE had purchased that substance before bringing it to the Residence Hall; (iv) that FREIRE saw Victims-1 and -2 use the substance but that FREIRE did not use the substance, and (v) that FREIRE saw Victims-1 and -2 lose consciousness shortly after using the substance.

      WHEREFORE, I respectfully request that MOISES FREIRE, the defendant, be imprisoned or bailed, as the case may be.

                    **/s Kyle Harrell**  (By Court with Authorization)

                    KYLE HARRELL
                    Special Agent
                    Drug Enforcement Administration

Sworn to by reliable electronic means
pursuant to Fed. R. Cr. P. 4.1 & 41(d)(3) t
his 19th day of March, 2026.

THE HONORABLE SARAH L. CAVE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK